# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dominick Alexander Brown #589190, ) | Case No. 2:23-cv-3864-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Administration of the Reserve at Westcott, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No.8) recommending that the Court dismiss Plaintiff's complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint.

## I. Background and Relevant Facts

Plaintiff, a pretrial detainee proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff alleges:

> Plaintiff alleges the claim happened on May 30, 2023, when he was walking from a running track area at an apartment complex and was approached by a nondefendant police officer. (ECF No. 1 at 6). Plaintiff alleges the officer prepared a "permanent trespassing notice," "making it discrimination and deprivement of housing." (ECF No. 1 at 7). The police report does not indicate that the Defendant called the police. (ECF No. 1 at 9). After the officer checked records in his car, Plaintiff was placed in custody for an active warrant for stalking. (ECF No. 1 at 9). Plaintiff alleges "no injuries sustained" and requests 7.5 million dollars.

(Dkt. No. 8 at 3).

On August 16, 2023, the Magistrate Judge issued an R&R recommending the complaint be dismissed with prejudice. (Dkt. No. 8). Plaintiff did not file objections to the R&R.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the Court reviews the R&R for clear error.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. (Dkt. No. 8 at 4) ("To the extent Plaintiff alleges generally and broadly that his rights under the 'July 15, 1949 Housing Act' have been violated, the act generally gave loans to help cities, []authorized the FHA and changed the maximum amount of mortgage insurance offered, required public housing authorities to change one 'slum dwelling unit' for every public housing apartment developed, budgeted funds and authority for research, and addressed problems with rural housing and farm loan programs. Plaintiff's allegations do not involve any of these general themes of the 1949 Act." (internal citations omitted).

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 8) as the order of Court and **DISMISSES** Plaintiff's complaint with prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Judge

September 13, 2023
Charleston, South Carolina